In the Matter of Special Instruction and Services for Heidi PAUTZ for the School Year 1978–1979.

INDEPENDENT SCHOOL DISTRICT NO. 277, petitioner, Respondent,

v.

Gerald PAUTZ, and Cecile Pautz, as Parents and Natural Guardians of Heidi Pautz, Respondents (50989) Appellants (51016),

Department of Education of the State of Minnesota, Appellant (50989) Respondent (51016).

Nos. 50989, 51016.

Supreme Court of Minnesota.

Aug. 8, 1980.

---

Eric S. Janus, Developmental Disabilities Advocacy, Minneapolis, for Pautz.

Warren Spannaus, Atty. Gen., St. Paul, for Dept. of Education.

William F. Kelly & Associates, Excelsior, for Ind. School Dist. No. 277.

SHERAN, Chief Justice.

The Department of Education (Case No. 50989) and Gerald and Cecile Pautz, parents and natural guardians of Heidi Pautz (Case No. 51016) appeal from the judgment entered in the district court reversing the decision of the Commissioner of Education and adopting a prior decision of the local hearing examiner. We reverse.

This appeal centers upon the efforts of the parties to secure special education for Heidi Pautz, a diagnosed Downs Syndrome child who is both educable and trainable but suffers from mild retardation. Minn.Stat. § 120.17 (1978). In April 1978, the child's parents, residents of Mound, Minnesota, contacted officials of the Independent School District # 277 (hereafter I.S.D. # 277) with information relating to Heidi's handicap and requested that the district develop an individual education program (hereafter IEP) suited to her needs. The district was also informed that for several years prior to that time, the child had attended Fraser School, a private school for mentally handicapped persons.

During the ensuing 4-month period, a series of interviews with and evaluations of the child were conducted by officials of I.S.D. # 277 and Joint Independent School District # 287 (hereafter J.I.S.D. # 287), the joint district of which I.S.D. # 277 is a member. Those evaluations culminated in the preparation of a "service outline" which served as a basis for discussion between district officials and the parents on August 23, 1978. The inability of the district officials and the parents to resolve their differences of opinion as to the optimal school placement and program led to the parents' request for a conciliation conference authorized by Minn.Stat. § 120.17, subd. 3b(b) (1978).[1]

The conference was held on September 13, 1978, at which time the parents reiterated prior requests for additional evaluations, for the development of a more complete IEP and for a continued placement at Fraser School. The district's position that the plan was complete and that the child was to attend a program made available by J.I.S.D. # 287 remained unaltered. Thereafter, an informal due process hearing was requested by the parents. Minn.Stat. § 120.17, subd. 3b(c). The resulting decision of the examiner that I.S.D. # 277 did propose an IEP was adopted by I.S.D. # 277 and further review by the Commissioner of Education was sought by Heidi's parents pursuant to § 120.17, subd. 3b(e).

By its decision dated August 16, 1979, the commissioner determined that the IEP formulated and proposed by I.S.D. # 277 was inappropriate and incomplete in significant

---

1. These proceedings were commenced and the due process hearing conducted while § 120.17, subd. 3b (1978) was effective. However, prior to the commission's review, the statute was amended by 1979 Minn.Laws ch. 334, art. 3, § 2. That amendment was utilized by the commissioner on appeal.

respects, discussing each of the deficiencies in its comprehensive decision. The case was then remanded to the local hearing examiner to determine whether the program provided by the Fraser School was appropriate, with comments by the commissioner that if it was found to be, the educational expense was to be borne by I.S.D. # 277. Prior to any proceedings on remand, the district appealed to the district court which reversed the decision of the commissioner and adopted the determination of the local hearing examiner. This appeal followed.

Our specific inquiry is most pointedly directed toward the role of the district court in its examination of the tiered proceedings occurring prior to its consideration. In its memorandum attached to its decision, the trial court commented that both it and the commissioner were bound to affirm the decisions immediately preceding their review unless either authority acted arbitrarily or contrary to the law or the evidence. While such a statement contains the essence of the role of the district court as defined in Minn. Stat. § 15.0425 (1978), it is far too restrictive in application to the Commissioner of Education.

As enunciated on several prior occasions, it is our view that an agency, charged with the responsibility of promulgating and enforcing rules for the uniform implementation of its statutory duties, develops an expertise and experience in that singular area unique to it. For that reason, we have attached a presumption of correctness to agency decisions, and have repeatedly directed courts to show deference to that technical training, education and expertise. *Reserve Min. Co. v. Herbst,* 256 N.W.2d 808 (Minn.1977). That deference is not imposed solely upon the trial courts, as this court also attaches great significance to the agency's view of the problem presented and in fact conducts an independent examination of the agency's record and decision without according any special deference to the trial court's same review. *Reserve Min. Co. v. Herbst, supra; Matter of Haugen,* 278 N.W.2d 75 (Minn.1979); *Amdahl v. Fillmore County,* 258 N.W.2d 869 (Minn.1977).

The error exhibited by the decision of the district court is not in its analysis of the trial court's function, but rather in its imposition of the same standard of review upon the commissioner. To do so would be to inappropriately assume that the local hearing examiner has developed the same technical training, education and experience in that narrow area as found in the agency itself. Instead, the decision of the hearing officer which arises in a localized context is, if appealed, to be examined by the commissioner in conjunction with the uniform implementation of its rules and furtherance of its policies. Subsequent district court review must be predicated upon a presumption of correctness attached to that agency decision. Failure to accord such deference or employ the required presumption requires reversal.

Our independent evaluation of the record and decision of the agency further requires the conclusion that the commissioner was correct in its determination that the IEP was inadequate and incomplete. There is no persuasive showing that the agency has violated constitutional provisions, has exceeded its statutory authority or jurisdiction, has followed unlawful procedure, has proceeded on an erroneous theory of law, has taken action without substantial evidence in support thereof or has acted arbitrarily or capriciously. Minn.Stat. § 15.0425 and *Markwardt v. State Water Resources Bd.,* 254 N.W.2d 371 (Minn.1977). Rather, that decision represents a well-reasoned analysis and application of the rules and policies defining the school district's obligation to provide special education to the handicapped.

We therefore reverse the decision of the district court and adopt the determination of the commissioner, with the effect that this matter shall be remanded to the local hearing examiner for the further proceedings detailed in the commissioner's decision.

Reversed and remanded to the local hearing examiner for further proceedings consistent with the decision of the Commissioner, Department of Education.